IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DR. BART ADAMS, JR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:23-cv-00001 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| VANDERBILT UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **<u>MEMORANDUM OPINION AND ORDER</u>**

In this closed case, which is currently on appeal, pending before the Court—somewhat incongruously—are four motions (Doc. Nos. 78, 80, 84, 85) filed by *pro se* Plaintiffs, Dr. Bart Adams, Jr and Josephine Adams.

The first motion is a "Motion and Memorandum of Law for Relief from Judgment, for Indicative Ruling Under Federal Rule of Civil Procedure 62.1, and for Leave to File Proposed Second Amended Complaint" (Doc. No. 78, "Motion"). In the Motion, Plaintiffs request not relief from judgment or leave to file a proposed second amended complaint, but rather *an indicative ruling* as to relief from judgment and leave to file a second amended complaint. More specifically, Plaintiffs seek—pursuant to Fed. R. Civ. P. 62.1(a)(3)—an indicative ruling that the Court *would* grant relief from judgment under Fed. R. Civ. P. 60(b)(6) and leave to file a second amended complaint *if* the Sixth Circuit were to remand for this Court to decide whether to grant (i) relief from judgment under Fed. R. Civ. P. 60(b)(6) and (ii) leave to file a second amended complaint. Alternatively, Plaintiffs seek an indicative ruling that the request for relief from judgment and the request for leave to file a second amended complaint raise a substantial issue.

The second motion is a motion to seal (Doc. No. 80, "Motion to Seal"), wherein Plaintiffs seek leave to file under seal numerous documents (Doc. Nos. 81, 81-1 – 81-12, collectively "Sealed Documents") in connection with the Motion.

The third motion is a motion for recusal (Doc. No. 84, "Conditional Recusal Motion"), wherein Plaintiffs seek the conditional recusal of the undersigned from this action if this case is reopened in this Court or remanded by the Sixth Circuit for further proceedings.

The fourth motion is a motion for a prompt ruling on the Motion (Doc. No. 85, "Prompt Ruling Motion").

For the reasons described herein, the Prompt Ruling Motion (Doc. No. 85) is **GRANTED**, the Motion (Doc. No. 78) and the Conditional Recusal Motion (Doc. No. 84) are each **DENIED**, and the Motion to Seal (Doc. No. 80) is **DENIED** as moot.

<u>BACKGROUND</u>

In a previous order (Doc. No. 62), the Court provided a brief review of the circumstances underlying this case. The Court will repeat that review immediately below.

In July 2021, Brian Adams, a student at Vanderbilt University (the "University"), tragically died by suicide. His parents, Dr. Bart Adams and Josephine Adams ("Plaintiffs"), acting both individually and as representatives of their son's estate, filed a complaint to initiate this action against the University, (Doc. No. 1), then filed an amended complaint. (Doc. No. 8, "First Amended Complaint"). The First Amended Complaint alleged multiple causes of action, including wrongful death negligence, premises liability, violations of the Americans with Disabilities Act (ADA), violations of Section 504 of the Rehabilitation Act, and breach of contract. The claims stemmed from the University's alleged failure to meet its obligations in providing support and care for Brian Adams during his time as a student at the University.

According to the First Amended Complaint (the allegations of which are accepted as true at the instant stage), Brian Adams faced documented struggles with mental health issues, including major depressive disorder, social anxiety, obsessive-compulsive disorder, autism spectrum disorder, and generalized anxiety. Allegedly, Vanderbilt's University Counseling Center ("UCC") and Office of Student Care Coordination ("OSCC") were involved in providing mental health

services and care coordination for Brian. Plaintiffs allege that, despite these efforts, significant issues arose regarding the adequacy and implementation of support measures, particularly in relation to the University's established policies and procedures, such as those outlined in its Student Handbook and OSCC protocols, prompting them to challenge the University's handling of the situation.

The University filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), (Doc. No. 24, "University's Motion to Dismiss"), which the Court granted in March 2024 via an order (Doc. No. 49, "Order") for reasons set forth in an accompanying memorandum opinion (Doc. No. 48, "Opinion"). Via the Order, the Court dismissed all claims due to the First Amended Complaint containing insufficient allegations to establish the University's liability. With respect to Plaintiffs' negligence claims, the Court held that under Tennessee law, the First Amended Complaint did not contain allegations sufficient to show that the University owed an affirmative or heightened duty of care to prevent Brian Adams's suicide. Regarding Plaintiffs' premises liability claims, the Court found that the First Amended Complaint alleged no specific dangerous or unsafe condition on the University's property to support the claim. Regarding Plaintiffs' ADA and Rehabilitation Act claims, the Court determined that Plaintiffs failed to plausibly allege that Brian Adams suffered from a qualifying disability under the ADA or that he requested reasonable accommodations. Regarding Plaintiffs' breach-of-contract claims, the Court found that the allegations did not plausibly suggest the existence of an implied contract, express or implied, obligating the University to perform the acts alleged as breaches.

(Doc. No. 62 at 1-3). Following the dismissal of Plaintiffs' First Amended Complaint, Plaintiffs filed a "Motion to Alter or Amend and for Relief from Final Order" pursuant to Fed. R. Civ. P. 59(e) and 60(b), and Local Rules 7.01 and 15.01 (Doc. No. 51, "Motion for Relief"). Via the Motion for Relief, Plaintiffs sought leave to file a second amended complaint and contended, among other things, that newly discovered evidence, including additional documentation obtained during discovery, substantiates the claims in the First Amended Complaint. The Court denied the Motion for Relief in an order (Doc. No. 62, "Relief Denial"), which Plaintiffs timely appealed to the Sixth Circuit ("the Appeal") (Doc. No. 63). The Appeal remains pending.[1]

---

[1] When referring to filings in the Appeal, which is before the Sixth Circuit and bears the case number 25-5273, the Court will use the following format (for textual references and for citations, respectively): "Appeal Docket No. ___" or "(Appeal. Doc. No. ___)."

<u>DISCUSSION</u>

The Court will now turn to addressing the four motions before it—beginning with the Prompt Ruling Motion (Doc. No. 85) and then turning to the Motion (Doc. No. 78), the Motion to Seal (Doc. No. 80), and the Conditional Recusal Motion (Doc. No. 84).

**1. Prompt Ruling Motion**

Via the Prompt Ruling Motion, Plaintiffs seek—among other things—a prompt ruling on the Motion and related filings. (Doc. No. 85 at 3). In support of the Prompt Ruling Motion, Plaintiffs argue that "prompt action [on the Motion] would materially clarify the posture [of this action] for both [this Court and the Sixth Circuit]." (Doc. No. 85 at 3). The impetus for filing the Prompt Ruling Motion might stem from the Sixth Circuit's denial (Appeal Doc. No. 44) of Plaintiffs' request (Appeal Doc. No. 43) to hold the Appeal in abeyance pending this Court's ruling on the Motion. Importantly, in denying Plaintiffs' request to hold the Appeal in abeyance, the Sixth Circuit indicated that the Appeal "is fully briefed and under submission to the court" (Appeal Doc. No. 44-1 at 1), potentially indicating that a ruling on the Appeal is not long in coming. So, the Court discerns that Plaintiffs may have requested a prompt ruling on the Motion to prevent the Motion becoming moot by the Sixth Circuit issuing a decision in the Appeal prior to this Court ruling on the Motion.

Given these circumstances, the Court finds that a prompt ruling on the Motion is warranted. Accordingly, the Prompt Ruling Motion (Doc. No. 85) is **GRANTED** (at least to the extent it seeks a prompt ruling on the Motion and related filings), and the Court will consider and issue a ruling on the Motion (and related filings, namely the Motion to Seal) herein.[2]

---

[2] Notably, the Court is ruling on the Motion prior to hearing from Defendant on the Motion. The Court does so in part because it discerns, based on the filings, that the Court can adequately evaluate and rule on the Motion without hearing from Defendant. Additionally (and importantly), the Local Rules permit the Court to rule on a motion prior to hearing from the non-movant. Local Rule 7.01(b).

### 2. The Motion

As noted above, via the Motion (Doc. No. 78), Plaintiffs request an indicative ruling from the Court to the effect that the Court would grant relief from judgment under Fed. R. Civ. P. 60(b)(6) and leave to file a second amended complaint if the Sixth Circuit ultimately were to remand for this Court to decide whether to grant (i) relief from judgment under Fed. R. Civ. P. 60(b)(6) and (ii) leave to file a second amended complaint. Alternatively, Plaintiffs seek an indicative ruling that the request for relief from judgment and the request for leave to file a second amended complaint raise a substantial issue.

As also noted above, after the Court denied the Motion for Relief (Doc. No. 51) via the Relief Denial (Doc. No. 62), Plaintiffs timely appealed the Court's decision in the Relief Denial to the Sixth Circuit (Doc. No. 63). Ordinarily, "the filing of a notice of appeal [] divests the district court of jurisdiction to rule on a Rule 60(b) motion." *Stoutamire v. La Rose*, No. 3:10 CV 2657, 2021 WL 9734803, at \*1 (N.D. Ohio Aug. 10, 2021) (citing *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) (table)). The Court may, "however, enter an indicative ruling under Federal [] Rule [of Civil Procedure] 62.1." *Id.* Under Rule 62.1, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may" do three things. Fed. R. Civ. P. 62.1(a). The Court may (1) "defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id.* The term used to describe the "state[ment]" referred to in option 3 is "indicative ruling" that is, a court choosing option (3) is said to issue an indicative ruling.

Thus, under Rule 62.1(a), "[i]f the district court [issues an indicative ruling, i.e., opts to state that it would grant the motion if the court of appeals were to remand for that purpose or that

the motion raises a substantial issue], a party filing the motion for relief from the judgment can request that the appellate court order a remand to allow the district court to grant or further consider the motion." *Adams v. Kijakazi*, No. CV 7:19-88-KKC, 2022 WL 987337, at *1 (E.D. Ky. Mar. 31, 2022). Importantly, and as indicated by the language of Rule 62.1(a) quoted above, although a court cannot *grant* a motion for relief under Rule 62.1, it can *deny* one. *See also* Fed. R. Civ. P. 62.1 advisory committee's note (2009) ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand. But it can entertain the motion and deny it [or] defer consideration").

With this in mind, below the Court will first examine Rule 60(b) generally and Rule 60(b)(6) specifically, and then consider Plaintiffs' arguments as to why they should be granted relief from judgment under Rule 60(b)(6) (if this action were to be remanded from the Sixth Circuit to this Court) and as to why the request for relief from judgment and the request for leave to file a second amended complaint raise a substantial issue.

### a. Rule 60(b) and Rule 60(b)(6)

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). As noted above, Plaintiffs rely upon subsection (6). As the Sixth Circuit has stated:

> Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances [that] are not addressed by the first five numbered clauses of the

Rule. This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief.

*Moreland v. Robinson*, 813 F.3d 315, 327 (6th Cir. 2016) (quoting *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008)).

To put it another way, in seeking relief under Rule 60(b)(6) based on "any other reason that justifies relief," Plaintiffs face an exceedingly high burden. *Syed v. United States*, No. 3:17-cv-1019, 2018 WL 3753237, at *3 (M.D. Tenn. Aug. 8, 2018); *Short v. Donahue*, No. 3:14-cv-02313, 2018 WL 3646902, at *3 (M.D. Tenn. July 31, 2018). Even stricter standards routinely are applied to motions under paragraph (6) of Rule 60(b) than to motions made under other parts of the rule. Indeed, relief under Rule 60(b)(6) is warranted "only in exceptional or extraordinary circumstances." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016), *cited in Vargo v. D & M Tours, Inc.*, No. 4:18-CV-01297, 2020 WL 999793, at *3 (N.D. Ohio Mar. 2, 2020) (relief under Rule 60(b) is the exception, not the rule). "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007).

Importantly, the Rule 60(b)(6) standard "does not become less demanding" where, as here, "a Rule 60(b)(6) movant also hopes to amend [its] complaint." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). Instead, "a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *Id.*

### b. Analysis of Plaintiffs' Argument

Plaintiffs' argument as to why they are entitled to 60(b)(6) relief (if this action were to be remanded) or as to why the request for relief from judgment and the request for leave to file a second amended complaint raise a substantial issue is not entirely clear. The argument seems to be that "the combined effect of procedural dislocation, counsel transition prejudice, the prior non-merits strike order [wherein the Court struck (Doc. No. 69) a previously filed motion (Doc. No. 66) under Rule 62.1 filed by Plaintiffs], later clarified custodianship and record access facts, and a materially curative proposed pleading directed to the district court's stated dismissal grounds" somehow entitles Plaintiffs to relief under Rule 60(b)(6). (Doc. No. 78 at 5). As far as the Court can tell, the only pertinent (not to say persuasive) argument that Plaintiffs put forward as to why they are entitled to relief from judgment under Rule 60(b)(6) is that, according to Plaintiffs, (seemingly) new evidence would allow Plaintiffs to file a second amended complaint (a proposed version of which is filed at Docket No. 79-1) that would cure the deficiencies in Plaintiffs' First Amended Complaint (Doc. No. 8) that led to the Court previously dismissing (Doc. No. 49) that complaint.

Irrespective of Plaintiffs' assertion that their proposed second amended complaint would cure the deficiencies that led to the Court's prior dismissal of the First Amended Complaint, a Rule 60(b)(6) motion should not be granted merely to permit a party to correct pleading deficiencies. *See Verble v. Morgan Stanley Smith Barney, LLC*, No. 3:15-CV-74-TAV-DCP, 2019 WL 922240, at *3 (E.D. Tenn. Feb. 25, 2019) (rejecting notion that Rule 60(b)(6) relief is warranted where a movant merely sought to correct pleading deficiencies and noting that it was the movant's strategic decision "to not seek leave to amend before this Court dismissed his complaint"); *Smart v. Borough of Lindenwold*, No. CIV. 07-6102 JBS/AMD, 2011 WL 4810002, at *4 (D.N.J. Oct. 11,

2011) ("The Plaintiff cannot now use Rule 60(b)(6) as a means of correcting his previous errors.");

*W. Sky Fin., LLC v. Maryland Com'r of Fin. Regul.*, No. CIV. WDQ-11-1256, 2012 WL 1284407, at *2 (D. Md. Apr. 9, 2012) (noting that "[c]orrection of a pleading defect is not a reason listed in Rule 60(b)" and stating that "[a]lthough curing a defect in the complaint may justify filing an amended complaint, it does not justify reconsideration.").

Moreover, to the extent that Plaintiffs assert that newly discovered evidence justifies relief from judgment, then their motion is brought more properly under Rule 60(b)(2)—which contemplates relief from judgment based on newly discovered evidence—than under Rule 60(b)(6). *Moreland*, 813 F.3d at 327 ("subsection (6) of Rule 60(b) [] applies only in exceptional or extraordinary circumstances [that] are not addressed by the first five numbered clauses of [Rule 60(b)]").[3] And even if newly discovered evidence could be used as a basis for seeking relief under Rule 60(b)(6) (and not just under Rule 60(b)(2)), Plaintiff still would have hurdles to clear because "[t]o justify post-judgment relief under [] 60(b), newly discovered evidence must be material and not have been discoverable with reasonable diligence before the entry of judgment." (Doc. No. 61 at 5 (citing *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018))). And here, there is no indication that whatever new evidence Plaintiffs refer to would not have been discoverable with reasonable diligence.

The upshot is that Plaintiffs have failed to demonstrate that they are entitled to relief under Rule 60(b)(6) so as to prompt the Court either (i) to indicate that it would grant relief from

---

[3] Notably, a Rule 60(b)(2) motion for relief must be made "no more than a year after the entry of the judgment or order or the date of the proceeding," Fed. R. Civ. P. 60(c)(1), and so a Rule 60(b)(2) motion at this juncture would be plainly untimely, whether measured from the date that judgment was entered in this action (March 19, 2024 (Doc. No. 50)) or from the date that the Court denied the Motion for Relief (March 7, 2025 (Doc. No. 62)). This may explain why Plaintiffs have couched the Motion in terms of Rule 60(b)(6) rather than Rule 60(b)(2).

judgment under Fed. R. Civ. P. 60(b)(6) and/or leave to file a second amended complaint[4] (if the Sixth Circuit were to remand for this Court to decide whether to grant relief from judgment under Fed. R. Civ. P. 60(b)(6) and whether to grant leave to file a second amended complaint), or, alternatively, (ii) to find that the request for relief from judgment and the request for leave to file a second amended complaint raise a substantial issue. Accordingly, and because the Court discerns no basis to defer a decision on the Motion, the Motion is **DENIED**.

### 3. Motion to Seal

Via the Motion to Seal (Doc. No. 80) Plaintiffs seek leave to file under seal the Sealed Documents (Doc. Nos. 81, 81-1 – 81-12), which they filed in connection with the Motion. Here, the Court has denied the Motion without regard to the Sealed Documents. In the interests of judicial economy, which would be ill-served by expending the (significant and very precious) judicial resources that would be required to address the substantive merit of the Motion to Seal, the Court resolves the Motion to Seal as reflected in the following paragraph.

The Court notes that there is no reason to believe that the public has a substantial interest in the Sealed Documents. Notably, and as discussed above, the Court has not taken any substantive action in reliance on the Sealed Documents. Instead, the Court was able to deny the Motion without regard to any of the Sealed Documents. Therefore, the Court finds that there is no reason to believe that the public has any interest (and certainly not a substantial interest) in the Sealed Documents, because the underlying motion (i.e., the Motion) that the Sealed Documents were filed in support of was decided without any regard to the Sealed Documents. Therefore, the Court finds that the

---

[4] Although the standard for seeking to amend a complaint is much less strenuous than the standard for seeking relief under Rule 60(b)(6), given that Plaintiffs have failed to demonstrate that they are entitled to relief under Rule 60(b)(6), their bid to file a second amended complaint would necessarily fail as well. *See BLOM Bank SAL*, 605 U.S. at 210 ("a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply.").

documents that Plaintiffs ask the Court to seal (i.e., the documents filed under seal at Docket Nos. 81, 81-1 – 81-12) can and shall instead be stricken from the docket, which in turn renders the Motion to Seal moot, and the Motion to Seal is **DENIED** on this basis.

### 4. Conditional Recusal Motion[5]

Via the Conditional Recusal Motion (Doc. No. 84), Plaintiffs request—pursuant to 28 U.S.C. Section 455(a) (which provides that "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned")—that the undersigned recuse himself from this case and this case be reassigned to a different judge "if, and only if, this case is reopened in the district court or remanded for further substantive proceedings." (Doc. No. 84 at 1). The asserted basis for Plaintiffs' request is that "the same judge[, the undersigned,] who dismissed the action, entered judgment, and denied post-judgment amendment would be asked to decide whether later-developed facts and a revised pleading justify reopening and further proceedings," and "Plaintiffs respectfully submit that a reasonable observer could question whether the prior definitive rulings would affect fresh review if the case returns to active litigation." (Doc. No. 84 at 3).

Leaving aside the propriety of making a *conditional* recusal request, Plaintiffs' asserted basis for recusal does not warrant the undersigned recusing himself from this action. The primary basis for Plaintiffs' requested recusal of the undersigned seems to be a concern that the undersigned's previous rulings in this action will make it difficult for the undersigned to fairly adjudicate this action in the event this action is reopened or this action is remanded from the Sixth Circuit after a (hypothetical) reversal of the Relief Denial (Doc. No. 62). However, Plaintiffs'

---

[5] Although the Court has ruled on the Conditional Recusal Motion without hearing from Defendant, the Court discerns—as with the Motion—that it can adequately consider and rule on the Conditional Recusal Motion before hearing from Defendant.

advanced basis for recusal simply does not warrant recusal. *Cf. Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Young v. Dep't of the Treasury, IRS*, No. 219CV02384TLPDKV, 2020 WL 13111162, at *2 (W.D. Tenn. Feb. 24, 2020) ("the recusal statute 'was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, . . . but to prevent his future action in the pending cause'" (quoting *Liteky*, 510 U.S. at 549)). Indeed, if Plaintiffs' asserted basis for recusal were treated as valid, there would seem to be no case with a ruling that was appealed and reversed that would not render the trial judge thereafter automatically subject to recusal based on the successful appellant's mere request for recusal. Put another way, Plaintiffs have advanced no valid basis to warrant the undersigned recusing himself from this action.

It is worth making one final series of observations. As for every ruling he has made so far, the undersigned has made it impartially and based on his view of the law and the applicable parts of the record implicated by the law. The Sixth Circuit conceivably could see things differently in one or more respect(s) than did the undersigned and remand the case to the undersigned. If so, that would reflect nothing more than our system operating just as intended and would not prompt any change in judging style on the part of the undersigned, who would proceed as before in making each and any future decision in this case: making them impartially and based on his view of the law and the applicable parts of the record implicated by the law, *as the law and the record stand at the time of the decision*.

Thus, the Conditional Recusal Motion (Doc. No. 84) is **DENIED**.

CONCLUSION

Accordingly, for the reasons stated herein, the Prompt Ruling Motion (Doc. No. 85) is **GRANTED**, the Motion (Doc. No. 78) and the Conditional Recusal Motion (Doc. No. 84) are

each **DENIED**, and the Motion to Seal (Doc. No. 80) is **DENIED** as moot. The Clerk is **DIRECTED** to strike the Sealed Documents (Doc. Nos. 81, 81-1 – 81-12) from the docket. This case remains closed.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE